IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:18-CR-410 (TJM) |
| v. | |
| MATTHEW LAGOE, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America respectfully requests that the Court impose a sentence within the defendant's guidelines range.

## I.   INTRODUCTION

On December 20, 2018, the defendant pleaded guilty pursuant to a written plea agreement to a single-count information that charged him with attempted possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The defendant is scheduled to be sentenced on April 24, 2019.

## II.   APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

### A.   Statutory Maximum and Minimum Sentences

The government agrees with the recitation of the statutory maximum and minimum terms of imprisonment, supervised release, and fines set forth in the PSR.  Specifically, the maximum term of imprisonment on Count 1 is 20 years.  PSR ¶ 53 (citing 21 U.S.C. § 841(b)(1)(C)).  In addition, although normally the minimum term of supervised release upon conviction of this offense would be three years, pursuant to 21 U.S.C. § 841(B)(1)(C), because the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) (safety-valve), this Court can impose any term of

1

supervised release consistent with 18 U.S.C. § 3583(b)(2). PSR ¶ 57; U.S.S.G. § 5D1.2(a)(2). The maximum fine is $1 million. PSR ¶ 61 (18 U.S.C. § 3571(b)).

### B.  Guidelines Provisions

#### 1.  Base Offense Level and Special Offense Characteristics

The government agrees with the Probation Office's calculation that the defendant has a total offense level of 21. The defendant's base offense level is 24, pursuant to U.S.S.G. §§ 2D1.1(a)(5) and (c)(8).[1] The defendant's base offense level is reduced by a combined three levels for prompt acceptance of responsibility. PSR ¶¶ 21, 22 (citing U.S.S.G. 3E1.1(a) and (b)).

The PSR notes that the defendant appears to be safety-valve eligible pursuant to the First Step Act, enacted into law on December 21, 2018. Because the defendant pleaded guilty one day before the Act became law, he technically is not covered by the expanded safety-valve provisions it contains. However, the government agrees with Probation both that the defendant should be treated as if the expanded safety-valve provisions of the First Step Act apply to him and as if (through a two-level downward variance) those expanded provisions qualify him for a reduction to his guidelines imprisonment range under U.S.S.G. § 2D1.1(b)(18) and § 5C1.2.[2] If this Court grants the defendant a two-level downward variance to account for the expanded safety-valve provisions of the First Step Act, the government respectfully requests that this Court confirm with the defendant that he understands that he is getting the benefit of the expanded safety-valve

---

[1] As set forth in the PSR, the defendant is accountable for 989 tablets of MDMA. Applying the guidelines rules for calculating relevant drug weight and conversion, the defendant possessed with intent to distribute the equivalent of 123.63 kilograms of converted drug weight. PSR ¶ 14.

[2] The Guidelines Manual has not been amended to account for the expanded safety-valve provisions in the First Step Act, so the defendant's properly calculated guidelines range does not reflect a two-level safety-valve reduction. Thus, to treat the defendant as if the Guidelines Manual entitles him to a two-level safety-valve reduction, this Court should use its authority to vary downward the corresponding two-levels from the otherwise applicable guidelines range.

provisions at this sentencing and will not seek a further reduced sentence pursuant to Title 18, United States Code, Section 3582(c), if the Sentencing Commission later amends U.S.S.G. § 5C1.2 to match the provisions in the First Step Act.

### 2. Criminal History Category

The government agrees with the Probation Office's determination that the defendant falls into criminal history category II.

### 3. Guidelines Range and Recommended Sentence

The government agrees with the Probation Office's determination of the guidelines-recommend term of imprisonment in this case.

### III. GOVERNMENT'S SENTENCING RECOMMENDATION

A sentence of imprisonment within the defendant's guidelines range is appropriate. Nothing in the defendant's background mitigates or explains his conduct. Moreover, insofar as the defendant asserts a policy disagreement with the drug equivalency tables in the guidelines, this Court is not obligated to accept the defendant's position on the relative severity of his drug crimes over the approach used by the guidelines to assess severity of drug offenses. Finally, the defendant is not entitled to a downward variance on the basis of his behavior awaiting sentencing. According to reports received by the government from the Probation Office, the defendant has on multiple occasions since his change of plea violated conditions of release concerning drug use and, recently, also apparently provided knowingly inaccurate information to Probation. For the foregoing reasons, a sentence within the guidelines range (as if the defendant is safety-valve eligible under the First Step Act and as if the guidelines had adopted the expanded safety-valve provisions) is

sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2) and properly balances the 18 U.S.C. § 3553(a) sentencing factors.[3]


Dated: April 1, 2019                                    GRANT C. JAQUITH
                                                        United States Attorney


                                          By:   /s/ Michael D. Gadarian
                                                Michael D. Gadarian
                                                Assistant United States Attorney
                                                Bar Roll No. 517198

---

[3] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed. R. Crim. P. 32(i)(1)(c), 32(h). Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendation submitted by the United States Probation Office.